**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>RUBEN URIAS BOJOROQUEZ, )<br>)<br>Defendant. )<br>_____) | Case No. 04-20121-02 CM |

**MEMORANDUM AND ORDER**

This case stems from the September 1, 2004 arrest of the defendant on charges of possession with intent to distribute over 8 pounds of methamphetamine in Kansas City, Kansas. Defendant plead not guilty and on April 14, 2005, after 3 ½ days of trial, the jury returned a verdict of guilty. This matter is before the court on defendant's Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. 53).

**I.       Standards**

     **A.       Motion for Judgment of Acquittal**

In considering a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, the court must view the evidence in the light most favorable to the government and then determine whether there is sufficient evidence from which a jury might properly find the accused guilty beyond a reasonable doubt. The court is permitted to enter a judgment of acquittal only if the evidence

against the defendant is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.  *United States v. Peveto*, 881 F.2d 844, 860 (10th Cir. 1989); *United States v. White*, 673 F.2d 299, 301 (10th Cir. 1982).  The court must refrain from weighing conflicting evidence and from considering the credibility of witnesses.  Rather, the court must determine whether the evidence, when viewed in the light most favorable to the government, establishes each element of the crime.  *White*, 673 F.2d at 301-02.  If so, the court must not disturb the jury's verdict of guilty.  *Id.* at 302.

        **B.**      **Motion for New Trial**

In considering a motion for new trial, the court has broad discretion which will not be disturbed on appeal absent plain abuse of that discretion.  *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987).  The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal.  Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires."  Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial.  However, courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091 (10th Cir. 1969), and exercise great caution in granting them.  *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997) ("[M]otion for new trial is not regarded with favor and should only be granted with great caution.")

**II.**      **Discussion**

Defendant argues the following:  1) The verdict is against the substantial weight of the evidence; 2) the government failed to establish that drugs were ever located within the tire that the defendant was accused of helping to transport; 3) the government failed to prove that the defendant had actual or constructive possession of the drugs that are the subject of this case; 4) the court erred in allowing

certain items into evidence over the objection of the defendant, including purported drug ledgers, drug notes and other items; 5) the defendant received ineffective assistance of counsel; and 6) the denial of a new trial will result in a manifest injustice.

Based upon the evidence as a whole, the court believes that a reasonable juror could have determined that, at some juncture on the day in question, there were drugs in the tire. Moreover, there was evidence that the defendant had constructive, if not actual, possession of the drugs. For example, according to the evidence, the co-defendant went into a grocery store, leaving defendant in the car with the tire. A reasonable juror could have concluded that defendant was in possession of the drugs at that juncture. Moreover, there was additional evidence presented regarding the defendant's intent to distribute the drugs in question.

On the whole, there was sufficient evidence for the jury to return a verdict of guilty. The jury was properly instructed regarding the law as to the count charged, including an instruction that defendant may have aided or abetted in the crime charged. The court must assume the jury applied the instructions to the evidence as a whole and returned a verdict based upon their collective reasoning and considered judgment. In the light most favorable to the government, a reasonable jury could and did find defendant guilty beyond a reasonable doubt of count one.

The court now turns to defendant's argument that the court erred in allowing certain evidence to be admitted, namely purported drug ledgers and drug notes. It was the government's burden to prove that the defendant knowingly possessed the controlled substance with the intent to distribute it or aided and abetted others to commit that crime. For the jury to determine the defendant's intent, they must consider all of the facts and circumstances shown by the evidence and decide from all such facts and circumstances what the intent of the defendant was at the time in question. Generally the "intent to

distribute" is established through circumstantial evidence. *United States v. Powell*, 982 F.2d 1422, 1430 (10th Cir. 1992).

The court determined that the items in question, the purported drug ledger and drug notes, were not hearsay because they were not offered to prove the truth of the matter asserted. The evidence which the defendant sought to exclude was circumstantial evidence of the defendant's ties to the apartment where the drugs were found and the co-defendant whom he was charged with aiding and abetting. The government cited a plethora of caselaw supporting its position that such items are admissible for the purpose set forth above. The court concludes it did nor err in admitting the purported drug ledger and drug notes.

The court ruled that these items were to be admitted, but warned against any specific reference to any particular entry in these ledgers. During closing arguments, counsel for the government requested the jury to review the ledger and look for the defendant's name. The court concludes that the statement made in the government's closing argument was not in violation of the limitation the court placed on counsel regarding reference to particular entries because the government did not reference specific entries. Moreover, since statements and arguments of counsel are not evidence, and the jury was specifically instructed as to this, the court concludes that any such statement did not result in reversable error.

Finally, the court addresses whether defendant's counsel was ineffective. To succeed on a claim of ineffective assistance of counsel, a defendant must demonstrate that his "attorney's performance fell below an objective standard of reasonableness" and that, but for counsel's deficiencies, a reasonable probability exists that the proceedings would have resulted in a different verdict. *United States v. Miller*, 907 F.2d 994, 997 (10th Cir. 1990). Defendant argues that, during

the trial of this case, his counsel failed to introduce evidence on his behalf, in particular, the testimony of co-defendant Mario Fernandez. Defendant believes that Fernandez would have testified that the defendant had nothing to do whatsoever with the procurement, possession, sale, or distribution of the subject drugs and related items.

The circumstances at the time of defense counsel's claimed error involved a co-defendant who was convicted of the same charge which the defendant was facing, the co-defendant was represented by counsel, the co-defendant had not yet been sentenced, and the co-defendant's plea agreement implicated the defendant as a co-conspirator. Thus, regardless of what Fernandez would have testified to at trial, Fernandez's plea agreement would have been used at trial by the government had he been called as a witness by the defense. The factual basis of that plea agreement clearly implicates defendant's involvement with the drugs and the intent to distribute those drugs. The court determines that, in these circumstances, there is no reasonable probability that the presentation of a witness, who had recently implicated the defendant in the crime for which he was standing trial, would have produced a different verdict. Defendant has failed to overcome the strong presumption that his counsel's conduct fell outside the range of reasonable professional assistance, nor has the defendant shown that his counsel's performance prejudiced his defense. Accordingly, the denial of a new trial will not result in a manifest injustice.

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. 53) is denied.

Dated this __9__ day of June 2005, at Kansas City, Kansas.

                **s/ Carlos Murguia**

**CARLOS MURGUIA**
**United States District Judge**