## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **Case Nos.  07-2479-CM** |
| **RUBEN URIAS-BOJORQUEZ,** | ) | **04-20121-02-CM** |
| | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |

## MEMORANDUM AND ORDER

A jury convicted defendant Ruben Urias-Bojorquez of possessing with intent to distribute more than fifty grams of methamphetamine. The court sentenced defendant to 200 months imprisonment for the crime. On appeal, defendant was appointed new counsel. His new counsel raised the sole issue of whether the trial court erred in failing to conduct an inquiry of trial counsel pursuant to Fed. R. Crim. P. 44(c) regarding the propriety of counsel's joint representation of defendant and his co-defendant. The Tenth Circuit held that the trial court did not err. The Supreme Court denied certiorari, and defendant timely filed the instant Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 125).

Defendant asks the court to grant his motion because his trial counsel provided ineffective assistance in three ways: (1) he failed to communicate a proposed plea agreement to defendant; (2) he did not advise him of his right to testify at trial; and (3) he failed to challenge the jury selection process.

## I.     Ineffective Assistance of Counsel

### A.     *Legal Standard*

In determining whether a habeas petitioner's counsel acted ineffectively, the court applies the general ineffective assistance of counsel standard identified by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner must satisfy a two-part test to prevail on an ineffective assistance of counsel claim. First, he must demonstrate that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must show that counsel's deficient performance prejudiced him, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "An ineffective assistance claim may be resolved on either performance or prejudice grounds alone." *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000) (citation omitted).

**B.    *Failure to Advise Defendant of Proposed Plea Agreement***

Defendant first argues that his counsel did not tell him that the government had offered a plea agreement. In support of this claim, defendant submitted an affidavit stating that his trial counsel never communicated the purported proposed plea agreement to him. He states that he would have accepted the plea agreement had he known about it. He further states that he told his trial counsel that he wanted to plead guilty, but that counsel was confident that defendant could win at trial. Although the government responds that defendant was holding out for a plea which would give him probation, the government has not offered any evidence in support of its position.

-2-

Neither party has presented the court with the information it would like to have to resolve this issue. But in an unpublished opinion, the Tenth Circuit stated that "[a] petitioner's own self-serving testimony alone is insufficient . . . . The petitioner must produce objective evidence that he would have accepted the plea." *Bachicha v. Shanks*, No. 94-2209, 1995 WL 539467, at *1 (10th Cir. Aug. 31, 1995). *Bachicha* suggests that this court should deny defendant's motion without offering defendant the opportunity to present additional evidence at a hearing. On the other hand, however, *Bachicha* was also decided after the magistrate judge held an evidentiary hearing. The court cannot determine whether defendant received ineffective assistance of counsel with respect to plea negotiations on the pleadings before it, and will therefore appoint counsel and conduct an evidentiary hearing on this issue.

**C.      *Failure to Advise Defendant of his Right to Testify***

Defendant next claims that trial counsel did not inform him that he had a right to testify in his own defense. With respect to this claim, defendant has not presented any evidence that would satisfy the first prong of *Strickland*. Specifically, although defendant claims in his unsworn, unverified briefs that trial counsel failed to advise him that he had a right to testify, he does not include such an allegation in the affidavit attached to his §2255 motion. Conclusory allegations—particularly unsupported conclusory allegations— are insufficient. *See Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971). Defendant's petition is denied on this issue.

**D.      *Failure to Challenge Jury Pool***

Finally, defendant claims that his trial counsel should have challenged the composition of the jury pool. He does not explain why appellate counsel did not raise this claim on direct appeal, especially in light of the fact that appellate counsel was not the same as trial counsel. In any event, even if defendant procedurally defaulted this claim, the court's inquiry is the same: whether his

procedural default is excused by his attorney's ineffective assistance.  *See United States v. Horey*, 333 F.3d 1185, 1187 (10th Cir. 2003) (noting that cause and prejudice for procedurally defaulting a claim can be shown by *Strickland* analysis) (citation omitted).

Defendant cannot meet the second *Strickland* prong regarding this claim.  Even if counsel had challenged the composition of the jury pool, defendant has not shown that he would have been successful.  Defendant has not supplied any evidence suggesting that a distinctive group in the community is systematically excluded by the District of Kansas's jury selection process.  *See Taylor v. Louisiana*, 419 U.S. 522, 538 (1975) ("[T]he jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.").  The Tenth Circuit has approved the District of Wyoming's plan for the selection of grand and petit jurors, which is similar to that of the District of Kansas.  *See United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir. 1985); *see also United States v. Pettit*, No. 88-20117-01, 1989 WL 19415, at *1 (D. Kan. Feb. 21, 1989) ("The defendant presented no evidence, statistical or otherwise, to support his assertion.  We find that the defendant failed to make a prima facie showing of intentional discrimination by systematic exclusion of minorities from the venire. . . .").  Defendant's third challenge fails for this reason.

## II.   Evidentiary Hearing

As to defendant's second two claims, the files and records conclusively show that defendant is not entitled to relief.  Accordingly, no evidentiary hearing is required on these claims.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).  The court will, however, appoint counsel for defendant and conduct a hearing on defendant's first claim.

**IT IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 125) is denied in part.  The

court will appoint counsel for defendant and set a hearing on his first claim by separate order.

Dated this 2nd day of June 2008, at Kansas City, Kansas.

                                                        **s/ Carlos Murguia**
                                                        **CARLOS MURGUIA**
                                                        **United States District Judge**