# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RUBEN URIAS-BOJORQUEZ,** ) | |
| ) | |
|     **Petitioner/Defendant,** ) | |
| ) | |
| v. ) | Case No. 04-20121-2-CM |
| ) | 07-2479-CM |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
|     **Respondent/Plaintiff.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Motion for Evidentiary Hearing to Prove that No Drugs were Ever Taken Out of the Tire in Defendant's Case on the Particular Day for Which He Was Convicted (Doc. 154). Petitioner argues the motion should be granted because he has new evidence that would prove that he is actually innocent of his drug conviction. For the reasons set forth below, this court determines this motion to be a second or successive § 2255 motion, and dismisses the motion for lack of subject matter jurisdiction.

**I.  Factual and Procedural Background**

A jury found petitioner guilty on Count 1 of the Indictment, charging him with possession with intent to distribute 50 grams or more of methamphetamine. The court sentenced petitioner to a term of 200 months imprisonment on September 7, 2005.

Petitioner timely filed an appeal, which was dismissed on December 11, 2006 by the Tenth Circuit, affirming this court's decision. Petitioner timely filed a Motion to Vacate under 28 U.S.C. § 2255 on October 10, 2007 (Doc. 125), which this court denied in part in a Memorandum and Order (Doc. 135), and denied the remainder of petitioner's claims after conducting an evidentiary hearing

(Doc. 144). Petitioner appealed this court's order. The Tenth Circuit denied petitioner a certificate of appealability, and dismissed the appeal on July 17, 2009. Petitioner filed this motion for evidentiary hearing on September 8, 2010.[1]

## II.     Legal Standard and Analysis

A second or successive motion under 28 U.S.C. § 2255 must be certified by a panel of an appeals court before it may be brought before the district court. 28 U.S.C. § 2244(b)(3). *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (finding that because petitioner did not obtain leave to file the successive § 2255 motion, the district court lacked jurisdiction over petitioner's claim); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (treating petitioner's pleading as a successive § 2255 motion, and finding the district court lacked jurisdiction to deny relief).

Circuit courts have ruled on second or successive § 2255 motions differently regarding their dismissal at either the district or appellate level. *United States v. Carlos*, 954 F. Supp. 221, 224 (D. Kan. 1996) (citing *United States v. Thomas*, Nos. 93-0345-09, 96-6295, 1996 WL 583178 (E. D. Pa. Oct. 10, 1996)) (dismissing motion for lack of jurisdiction); *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (transferring motion to the circuit court of appeals pursuant to 28 U.S.C. § 1631)). The Tenth Circuit has followed the Second Circuit's approach. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (instructing district court to transfer successive motion to the Tenth Circuit for authorization).

Although petitioner entitles the motion as a motion for evidentiary hearing, and not as a motion to vacate under 28 U.S.C. § 2255, he submits the same arguments that he made to the Tenth

---

[1] In addition to his motion, petitioner submitted a copy of an opinion by the Tenth Circuit dated August 25, 2010, denying petitioner authorization to file a second or successive § 2255 motion.

Circuit in his motion to file a successive § 2255 motion: newly established evidence has come to light that would prove petitioner's innocence. Petitioner requests that the court grant his motion and conduct an evidentiary hearing so that he can establish proof of his actual innocence, in order to be able to seek relief from his sentence and conviction. He argues that his co-defendant's statements regarding law enforcement's recovery of drugs from a tire on the day that he and his co-defendant were under surveillance were simply not true. (Doc. 154, at 1.) Petitioner intends to call a tire technician to testify at the hearing that it would have been impossible for drugs to be recovered from the tire unless the tire was taken partially or completely off the rim. *Id*. at 2. Petitioner further argues that he and his attorney were prevented from discovering this information because law enforcement, in the process of searching the vehicle, destroyed the evidence by cutting the tire from the rim. *Id*.

Petitioner admitted in his motion that an evidentiary hearing would give him an opportunity to obtain the evidence he needs to be able to file a second or successive § 2255. "A post-judgment motion must be treated as second or successive–and certified by an appellate panel–if it asserts or reasserts a substantive claim to set aside the movant's conviction." *United States v. Hahn*, Nos. 04-2344, 05-2033, 2006 WL 2338065, at *4 (10th Cir. Aug. 14, 2006) (citing *Gonzalez v. Crosby,* 545 U.S. 524 (2005)). This court cannot ignore the law and allow petitioner to circumvent the proper procedures for bringing a second or successive § 2255 motion. *United States v. Pickard*, Nos. 09-3149, 09-3150, 2010 WL 3862877, at *3 (10th Cir. Oct. 5, 2010) (citing *United States v. Nelson*, 465 F.3d 1145, 1147–49 (10th Cir. 2006) ("holding that any motion containing a habeas claim is subject to the authorization requirements for a second or successive filing"); *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006) ("holding that a habeas claim is any claim that 'in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction'")).

The Tenth Circuit has already denied petitioner's motion to file a second or successive § 2255 motion, and therefore, he has not received the proper authorization to be able to file such motion. Further, petitioner has failed to provide any evidence to suggest that this court should not treat his motion as a motion to file a second or successive § 2255 motion, admitting that ultimately his intention based on a positive outcome of the hearing is to file another § 2255 motion. Because this court must consider petitioner's motion to be a second or successive motion pursuant to 28 U.S.C. § 2255, this court lacks subject-matter jurisdiction over the matter. *Nelson*, 465 F.3d at 1148.

Whether a transfer of the second or successive § 2255 motion is in the interest of justice depends on the following factors: (1) whether the claims would be time-barred if filed in the proper forum, (2) whether the claims are meritorious, and (3) whether the claims are filed in good faith. *United States v. Whitehorse*, 354 F. App'x 317, 318 (10th Cir. 2009) (citing *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)). It is in the district court's discretion to determine whether a transfer is warranted when a motion fails to satisfy the successive motion standard pursuant to § 2255(h). *United States v. Prince*, No. 98-20005-1, 2010 WL 58991, at *1 (D. Kan. Jan 6, 2010) (citing *In re Cline*, 531 F.3d at 1252; *Phillips v. Seiter,* 173 F.3d 609, 610 (7th Cir. 1999) ("waste of judicial resources to require transfer of frivolous, time-barred cases")).

Although petitioner's motion is not time-barred, and seemingly filed in good faith, his claim lacks sufficient evidence to prove that it is meritorious. The Tenth Circuit has already denied petitioner's motion to file a second or successive § 2255 petitioner based on the very same arguments. Petitioner has failed to demonstrate that even if this court had jurisdiction to consider the merits of his motion, that by conducting an evidentiary hearing, petitioner would be able to make a *prima facie* showing that the newly discovered evidence presented would entitle him to relief

-4-

under § 2255. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). Therefore, because the court finds petitioner's motion to be non-meritorious, in its discretion, the court does not believe a transfer to the Tenth Circuit Court of Appeals would be in the interest of justice, and therefore dismisses the motion for lack of jurisdiction. *In re Cline*, 531 F.3d at 1252.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Evidentiary Hearing to Prove that No Drugs were Ever Taken Out of the Tire in Defendant's Case on the Particular Day for Which He Was Convicted (Doc. 154) is dismissed for lack of subject matter jurisdiction.

Dated this 10th day of November, 2010, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**